GUY C. HALE, APPELLANT AND CROSS-APPELLEE, V. STANDARD MEAT COMPANY AND ALLIED MUTUAL INSURANCE COMPANY, APPELLEES AND CROSS-APPELLANTS, AND HOME INSURANCE COMPANY ET AL., APPELLEES.

554 N.W.2d 422

Filed October 25, 1996. · No. S-95-1231.

Mark J. Peterson, of Erickson & Sederstrom, P.C., for appellant.

James J. DeMars, of DeMars, Gordon, Olson, Recknor & Shively, for appellees Standard Meat Co. and Allied Mutual Insurance Co.

Paul F. Prentiss, of Timmermier, Gross & Burns, for appellee Home Insurance Co.

Richard R. Endacott, of Knudsen, Berkheimer, Richardson & Endacott, for appellee Aetna Casualty and Surety Co.

Betty L. Egan, of Walentine, O'Toole, McQuillan & Gordon, for appellee Employers Fire Insurance Co.

Julie A. Moran and, on brief, Robert V. Roach, of Hansen, Engles & Locher, P.C., for appellee Royal Insurance Co.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

In this workers' compensation case, the plaintiff-appellant, Guy C. Hale, urges that he is entitled to benefits because of an infection resulting from an occupational disease contracted in accidents arising out of and in the course of his employment with the defendant-appellee Standard Meat Company. The dismissal of his petition on original hearing was affirmed by a review panel of the Nebraska Workers' Compensation Court, whereupon Hale appealed to the Nebraska Court of Appeals. He there asserted, in summary, that the compensation court erred in failing to (1) make adequate findings of fact and conclusions of

law, and (2) find that he suffers compensable permanent total disability. Standard Meat and one of its insurers, Allied Mutual Insurance Company, assert by cross-appeal that the action is time barred. Standard Meat's other insurers are the remaining defendants-appellees. On our own motion, we removed this matter to our docket in order to regulate the caseloads of the Court of Appeals and this court. We now vacate the compensation court's judgment of dismissal and remand the cause with directions.

Hale was born on March 8, 1925, and worked for 20 years as a Navy cook cutting meat and vegetables and as a meatcutter for Standard Meat from 1965 to August 1990, before he retired. During the course of that latter employment, Hale suffered frequent cuts and puncture wounds and began in 1967 to experience abscesses, which continued to occur at irregular intervals, sometimes but not always following cuts. On one occasion, he also experienced lymphangitic streaking of an arm.

On April 8, 1993, Hale's wife discovered him crawling in the hallway of their house and took him to a hospital. Shortly after Hale was admitted, abscesses appeared over his entire body. He was in severe pain and was sweating, and his blood pressure was low. An abscess on Hale's back was surgically removed because of its proximity to the spine. He was diagnosed as suffering from a chronic blood infection due to the presence of the Staphylococcus aureus bacterium in his vertebrae. In addition to the surgical removal of the abscess, Hale suffered heart problems, pneumonia, kidney failure requiring dialysis, skin infections, abscesses in the skin and joints, respiratory failure requiring a ventilator, and a fall due to his weakened state. The infection also aggravated Hale's rheumatoid arthritis.

Hale had not experienced any abscesses from the date of his retirement from Standard Meat until his admittance to the hospital on April 8, 1993. But he had suffered occasional cuts, puncture wounds, and scrapes outside of his employment with Standard Meat.

There is conflicting medical evidence as to whether the Staphylococcus aureus bacterium may lie dormant for long periods; whether meatcutters have a greater risk of infection by the organism than does the general population; and whether,

based on a reasonable degree of medical certainty or probability, Hale's 1993 episode is causally related to his employment at Standard Meat.

In the first assignment of error, Hale urges that the findings of fact and conclusions of law made by the compensation court judge on original hearing are inadequate to provide a basis for meaningful appellate review.

The order of dismissal on original hearing recognizes Hale's allegation that he sustained "injuries in accidents"; reviews Hale's employment history and the course of the 1993 episode, together with his condition at the time of the hearing; and notes the time-bar claims and the conflicts in the medical evidence with respect to the nature, sources, and cause of Hale's 1993 episode. The order then observes that in a workers' compensation case, "the burden is on the plaintiff to establish that the injury sustained was caused by, or related to, his employment," and that such burden must be established by "a preponderance or the greater weight of the evidence." The order concludes by declaring that "the evidence does not preponderate in favor of a finding for the plaintiff" and makes no finding with respect to the time-bar claims.

The findings of fact made by the workers' compensation judge on original hearing have the effect of a verdict and are not to be disturbed on appeal unless clearly wrong. See *Cords v. City of Lincoln*, 249 Neb. 748, 545 N.W.2d 112 (1996). However, while we can infer from the language of the order that the judge on initial hearing concluded that ruling on the time-bar issues was not necessary, it is not possible to determine whether the judge concluded that the evidence does not establish that Hale's 1993 episode is an occupational disease, or that while the 1993 episode is, or is assumed to be, an occupational disease, Hale nonetheless failed to establish that it arose out of and in the course of his employment with Standard Meat.

The order of dismissal on original hearing thus fails to satisfy the requirements of Workers' Comp. Ct. R. of Prac. 11 (rev. 1995), which reads:

> All parties are entitled to reasoned decisions which contain findings of fact and conclusions of law based upon the whole record which clearly and concisely state and

explain the rationale for the decision so that all interested parties can determine why and how a particular result was reached. The judge shall specify the evidence upon which the judge relies. The decision shall provide the basis for a meaningful appellate review.

In the absence of being advised as to what, in the view of such judge, Hale failed to prove by a preponderance of the evidence, we can make no meaningful review; neither do we understand how the compensation court review panel could have done so.

Accordingly, we vacate the compensation court's judgment of dismissal and remand the cause to the compensation court with the direction that the judge conducting the initial hearing enter an order on the evidence adduced which complies with the requirements of rule 11, and for such further review thereof as the parties may institute under law.

JUDGMENT VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.