MARGIE CUNNINGHAM, APPELLEE, V.
LEISURE INN AND USF&G COMPANY, APPELLANTS.
573 N.W. 2d 412

Filed January 9, 1998.    No. S-97-266.

Ronald E. Frank and Kelly K. Brandon, of Sodoro, Daly & Sodoro, for appellants.

Mark J. Peterson, of Erickson & Sederstrom, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

This is an action filed in the Nebraska Workers' Compensation Court by the plaintiff, Margie Cunningham, against her employer, Leisure Inn, and its insurance carrier, USF&G Company. Cunningham sought compensation for personal injury she allegedly sustained while in the performance of her duties for Leisure Inn. The trial judge of the compensation court dismissed Cunningham's petition. A review panel of the compensation court reversed the trial judge's order dismissing Cunningham's petition. Leisure Inn and USF&G now appeal the decision of the compensation court's review panel.

In August 1995, Cunningham worked in housekeeping for Leisure Inn in Omaha, Nebraska. Her duties included cleaning guest rooms and making beds. On August 23, while she was at work, Cunningham was bending over to make a bed when she experienced a pain in her back which traveled down her right leg. Later that day, Cunningham went to the emergency room at Bergan Mercy Hospital where she was treated and released for her injury. Up to the date of trial, Cunningham had not returned to work for Leisure Inn.

Cunningham filed a petition in the Workers' Compensation Court on September 28, 1995, seeking compensation from Leisure Inn for her injury of August 23.

At trial, Cunningham offered exhibit 7, which contained two medical reports, one prepared by Dr. Daniel McKinney and the other prepared by Dr. Satish Mediratta. The reports contain statements by each doctor stating his belief that Cunningham's injuries were the result of her work with Leisure Inn on August

23, 1995. Leisure Inn and USF&G objected to exhibit 7 because it was not timely disclosed under Workers' Comp. Ct. R. of Proc. 4 and 10 (1997).

Rule 4D is a discovery rule which states, in pertinent part:

No party will be allowed to introduce documentary evidence not timely identified or exchanged, or to amend forms, answers, medical reports or lists of witnesses within 30 days of the date of trial, unless the offering party shows good cause why the late offering of such evidence should be excused.

Rule 10 is an evidentiary rule which, in pertinent part, states:

The Nebraska Workers' Compensation Court is not bound by the usual common law or statutory rules of evidence; and accordingly, with respect to medical evidence on hearings before a single judge of said court, written reports by a physician or surgeon . . . may, at the discretion of the court, be received in evidence in lieu of or in addition to the personal testimony of such physician or surgeon . . . .

Each party shall serve all reports of a physician or surgeon . . . relevant to the case in possession of the party upon each opposing party. The service shall be received at least 30 days prior to the time set for hearing if the party intends to offer the report as evidence.

It is undisputed that Cunningham never disclosed the two reports to Leisure Inn and USF&G before trial. The trial judge sustained Leisure Inn and USF&G's objection to exhibit 7. Rather than request a continuance to comply with rules 4 and 10, Cunningham chose to proceed with trial. Nevertheless, the judge did offer a continuance to Cunningham, which was refused. After Cunningham's testimony had been heard, the court allowed her, pursuant to rule 4, to show "good cause" as to why exhibit 7 had not been timely exchanged. Cunningham stated that she did not have the funds available to pay for the report. The trial judge found Cunningham's reason for the delay insufficient to show "good cause" under rule 4.

The trial judge entered an order of dismissal on April 9, 1996, stating that Cunningham had failed to meet her burden of proof with respect to the issue of causation.

Cunningham filed an application for review to a review panel of the Workers' Compensation Court, alleging that the trial judge had abused his discretion in excluding exhibit 7. The review panel reversed the trial judge's order of dismissal and remanded the matter on February 7, 1997. The review panel, in light of our recent decisions in *Zessin v. Shanahan Mechanical & Elec.*, 251 Neb. 651, 558 N.W.2d 564 (1997), and *Phillips v. Monroe Auto Equip. Co.*, 251 Neb. 585, 558 N.W.2d 799 (1997), ordered the trial court "to conduct such proceedings as are necessary to determine whether the requisites for due process have been met sufficient to admit Exhibits [sic] 7."

Leisure Inn and USF&G appealed the review panel's order to the Nebraska Court of Appeals. We granted Leisure Inn and USF&G's petition to bypass.

Leisure Inn and USF&G assign as error that the Workers' Compensation Court review panel abused its discretion and erred in its determination within the order dated February 7, 1997, providing that other proceedings need to be conducted on remand to determine whether the standards of due process were met with respect to exhibit 7.

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1993), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Acosta v. Seedorf Masonry, Inc., ante* p. 196, 569 N.W.2d 248 (1997); *Sheridan v. Catering Mgmt., Inc.*, 252 Neb. 825, 566 N.W.2d 110 (1997).

In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the single judge who conducted the original hearing. *Acosta, supra*; *Dyer v. Hastings Indus.*, 252 Neb. 361, 562 N.W.2d 348 (1997), *Winn v. Geo. A. Hormel & Co.*, 252 Neb. 29, 560 N.W.2d 143 (1997). With respect to questions of law in workers' compensation cases, the appellate court is obligated to make its own determination. *Acosta, supra*; *Sheridan, supra*; *Winn, supra*.

The Workers' Compensation Court is not bound by the usual common-law or statutory rules of evidence; subject to the limits of constitutional due process, admission of evidence is within the discretion of the compensation court, whose determination in this regard will not be reversed upon appeal absent an abuse of discretion. *Sheridan, supra*; *Berggren v. Grand Island Accessories*, 249 Neb. 789, 545 N.W.2d 727 (1996); *Paulsen v. State*, 249 Neb. 112, 541 N.W.2d 636 (1996). However, the compensation court does not have the right to establish rules of evidence, procedure, or discovery that are more restrictive or onerous than the rules applicable to the trial courts in this state. *Zessin, supra*; *Phillips, supra*.

The compensation court's review panel based its decision to remand upon its review and consideration of this court's rulings in *Zessin, supra*, and *Phillips, supra*. Both opinions were filed after the instant case was decided by the trial judge and during the pendency of review by the review panel. We will now review these decisions to assist us in the present matter.

In *Phillips v. Monroe Auto Equip. Co.*, 251 Neb. 585, 558 N.W.2d 799 (1997), the trial judge of the compensation court sustained the employer's rule 4 objections to expert medical testimony of two doctors regarding causation of the employee's injury. The trial judge found that the doctors' depositions, which contained testimony of their opinions as to causation, were not timely disclosed under rule 4, and therefore, they were precluded from testifying as to causation at trial.

On appeal, we reversed and explained that before the ultimate sanction of prohibiting a party from introducing otherwise admissible evidence is imposed in civil cases, all affected parties must have received notice and an opportunity to be heard on the merits. See, e.g., Neb. Ct. R. of Discovery 37(a) (rev. 1996). *Phillips, supra*. We held that substantive sanctions regarding discovery and other pretrial procedural matters in the compensation court should be subject to at least the same procedural safeguards as comparable sanctions for alleged discovery and pretrial procedural violations in Nebraska's civil courts. *Id.* However, as we noted, rule 4D does not contain such a due process requirement before the compensation court may impose the sanction of prohibiting a witness' testimony based on a rule

4 objection by either party. We disapproved of the compensation court's application of rule 4D to prohibit expert testimony in the absence of adequate procedural safeguards equal to those utilized in the trial courts of this state. We therefore concluded that the compensation court " 'acted without or in excess of its powers' " in excluding the expert testimony regarding causation pursuant to rule 4 without the benefit of hearing both parties on the merits. *Phillips*, 251 Neb. at 597, 558 N.W.2d at 807.

In *Zessin v. Shanahan Mechanical & Elec.*, 251 Neb. 651, 558 N.W.2d 564 (1997), we relied on *Phillips* in upholding the compensation court's overruling of the employer's rule 4 objection to expert deposition testimony regarding causation offered by the employee. The employer claimed that the deposition testimony went beyond the scope of the opinions expressed in the expert's rule 10 report and should be excluded from trial. However, the trial court overruled the employer's rule 4 objection, finding that good cause existed for receiving the deposition testimony because of a prior agreement between the parties.

Leisure Inn and USF&G argue that Cunningham was afforded due process at trial with regard to exhibit 7. Cunningham asserts that in *Phillips, supra,* and *Zessin, supra,* we found rules 4 and 10 to be unconstitutional. In our review of those cases, we do not find any support for Cunningham's contention that rules 4 and 10 were held to be unconstitutional.

In determining whether to affirm, modify, reverse, or set aside a judgment of the compensation court review panel in the instant case, we review the findings of the single judge who conducted the original hearing. See, *Acosta v. Seedorf Masonry, Inc., ante* p. 196, 569 N.W.2d 248 (1997); *Dyer v. Hastings Indus.*, 252 Neb. 361, 562 N.W.2d 348 (1997).

A review of the record plainly shows that the trial judge gave Cunningham an opportunity to show good cause as to why exhibit 7 was not timely disclosed. Having heard Cunningham's argument on the matter, the trial judge ruled that she had failed to show good cause for the delay in disclosure of exhibit 7 and allowed the previous ruling to stand. The record also shows that Cunningham did not request a continuance, knowing that she could have, in order that exhibit 7 would comply with the pretrial discovery requirements. Cunningham's counsel stated to

the compensation court, "I believe that some of the [Nebraska] Court of Appeals cases have said that when there's an objection on the disclosure requirements, the remedy for the Court is to get a continuance. I'm not asking for that today."

Courts in many jurisdictions, including Nebraska, have held that a continuance is ordinarily the proper method for dealing with a claim that there has been a failure to disclose in a timely manner. See, *Brown v. Hansen*, 1 Neb. App. 962, 510 N.W.2d 473 (1993); *Whitney v. Buttrick*, 376 N.W.2d 274 (Minn. App. 1985). See, also, *State v. Higginbotham*, 110 Wis. 2d 393, 329 N.W.2d 250 (Wis. App. 1982); *Gerhardt v. D.L.K.*, 327 N.W.2d 113 (N.D. 1982).

We find that the requirements of due process mandated by our decisions in *Phillips, supra,* and *Zessin, supra,* were sufficiently met by the trial judge regarding the exclusion of exhibit 7 in this case. Having found no abuse of discretion by the trial judge, we reverse the decision of the Workers' Compensation Court review panel and reinstate the order of dismissal of the compensation court trial judge in this matter.

REVERSED.

WHITE, C.J., dissenting.

The majority today denies appropriate compensation to Cunningham, an injured employee, because she did not have the money to pay a physician for a timely medical report.

The appropriate question to be decided by the trial court was whether the report was either prejudicial or a surprise to Leisure Inn and USF&G, and, if so, whether the relief, if any, would have been a continuance.

The denial of deserved relief because of a lack of funds is a shocking abuse of due process. I dissent.