LE ROY JOHNSON, APPELLANT, V.
FORD NEW HOLLAND, INC., APPELLEE.

575 N.W. 2d 392

Filed March 6, 1998.   No. S-97-733.

Thomas A. Wagoner for appellant.

Thomas D. Wulff and Kevin L. Flynn, of Welch & Wulff, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

CONNOLLY, J.

The trial court of the Nebraska Workers' Compensation Court refused to accept appellant Le Roy Johnson's unsigned medical report into evidence because it was not timely disclosed, in violation of Workers' Comp. Ct. R. of Proc. 4 (1996), and was not signed, in violation of Workers' Comp. Ct. R. of Proc. 10 (1996). The court then denied Johnson's motion for a continuance. Subsequently, the action was dismissed because Johnson failed to show causation. A review panel of the Workers' Compensation Court affirmed. We conclude that the trial court did not abuse its discretion by rejecting Johnson's unsigned medical report and by denying Johnson a continuance. We further conclude that the trial court did not err in determining that Johnson failed to prove causation. Accordingly, we affirm.

## BACKGROUND

On January 20, 1994, while working for appellee Ford New Holland, Inc., Johnson used a hoist to position a combine component, known as a "grain head," that weighed approximately 2,500 to 3,000 pounds. As Johnson was positioning the grain head with the hoist, the grain head came toward him and he fell backward. Johnson felt a "twinge" in his back and testified that "it hurt." Johnson reported the incident to his supervisor but did not seek medical attention at that time. Johnson's back continued to bother him at work the next day, and at the end of his shift, Johnson told his supervisor that "[he could] hardly stand it."

Johnson had sustained a previous injury at Ford New Holland in 1983, when his foot became caught in some wire mesh while he was working several feet off the ground. As a result, Johnson fell and ended up hanging by his right leg. Johnson was stiff and sore following the incident but did not take any time off work as a result of it. The record indicates that Johnson experienced some pain in his right leg following this incident.

On January 23, 1994, Johnson bent over to pick up a paper from the floor in his home. When Johnson bent over, he could not get back up and had to be assisted to a chair. The next day,

Johnson went to see his family physician, Dr. William Fowles, who later referred Johnson to Dr. Gordon D. Bainbridge. Johnson did not work for about a month following the injury, then returned to work on "light duty." Johnson continued to experience pain, and Dr. Bainbridge referred him to Dr. Patrick W. Bowman. Under Dr. Bowman's care, Johnson underwent surgery on May 30, 1996, and following surgery, he did not return to work until August 1996. After he returned to work, Johnson did not work full time but was on a schedule whereby his working hours would be gradually increased. At the time of trial, Johnson was working 4 hours each workday.

On January 16, 1996, Johnson filed a workers' compensation action in the Workers' Compensation Court, alleging that on or about January 23, 1994, he sustained a herniated thoracic disk in the course of his employment with Ford New Holland and that Ford New Holland had refused to pay some of his medical and hospitalization expenses, temporary total benefits, and compensation for his loss of earning capacity. Ford New Holland denied the allegations in Johnson's petition. Trial was set for July 24, 1996, and later was continued at Johnson's request until September 26.

At trial, two exhibits were entered into evidence. Exhibit 1 contained a written statement by Dr. Bainbridge. Following a description of the 1983 incident and Johnson's injuries on January 20 and 23, 1994, Dr. Bainbridge wrote:

> [Johnson] asked me if this was related to the initial injury, he tells me the pain he is having in his right leg is the same as he experienced when he fell and I told him I can't preclude the fact that that might be the precipitating factor.

The statement did not specifically state which incident Dr. Bainbridge was referring to when he wrote "the initial injury" and "when he fell." Exhibit 1 also contained a report by Dr. Bowman describing Johnson's prior accidents and symptoms. Exhibit 2 contained a health insurance claim form filed by Dr. Bowman for services provided to Johnson on May 30, 1996. A box next to the word "no" was checked on the claim form in response to the question of whether the patient's condition was related to employment.

Johnson offered exhibit 3, consisting of a letter from Dr. Bainbridge stating that Johnson was injured at Ford New

Holland in January 1994 and that, to a reasonable degree of medical certainty, Dr. Bainbridge believed the injury sustained at Ford New Holland resulted in Johnson's thoracic disk injury which required surgical intervention. The letter was dated September 25, 1996, 1 day before the trial, and was not signed. Ford New Holland objected to the exhibit on the grounds that it was not timely disclosed and was not signed by Dr. Bainbridge. Johnson argued that he had received the letter only the day before the trial and did not have time to get a copy to Ford New Holland on that day, and he stated that, if the objection was for timeliness, he was requesting a continuance. The trial court sustained the objection to the exhibit and denied the motion for a continuance. The trial court subsequently dismissed the action with prejudice because causation had not been established. The trial court further stated in its order that exhibit 3 was not admitted into evidence because it was dated 1 day before trial, was not signed, and thus, was not admissible under rules 4 and 10. The review panel affirmed the trial court's decision.

## ASSIGNMENTS OF ERROR

Johnson assigns that the compensation court erred in (1) failing to receive his proposed exhibit 3, (2) refusing his motion for a continuance, and (3) finding he had failed to establish causation between his accident and the injuries he sustained.

## STANDARD OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1993), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Acosta v. Seedorf Masonry, Inc.*, 253 Neb. 196, 569 N.W.2d 248 (1997); *Sheridan v. Catering Mgmt., Inc.*, 252 Neb. 825, 566 N.W.2d 110 (1997).

In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the sin-

gle judge who conducted the original hearing. *Acosta v. Seedorf Masonry, Inc., supra*; *Dyer v. Hastings Indus.*, 252 Neb. 361, 562 N.W.2d 348 (1997).

An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Sheridan v. Catering Mgmt., Inc., supra*; *Winn v. Geo. A. Hormel & Co.*, 252 Neb. 29, 560 N.W.2d 143 (1997). However, the findings of fact made by a workers' compensation judge on original hearing have the effect of a verdict and are not to be disturbed on appeal unless clearly wrong. *Zessin v. Shanahan Mechanical & Elec.*, 251 Neb. 651, 558 N.W.2d 564 (1997); *Hale v. Standard Meat Co.*, 251 Neb. 37, 554 N.W.2d 424 (1996).

## ANALYSIS

### UNSIGNED EXHIBIT 3

Johnson contends that this court's decisions in *Phillips v. Monroe Auto Equip. Co.*, 251 Neb. 585, 558 N.W.2d 799 (1997), and *Zessin v. Shanahan Mechanical & Elec., supra*, mandate reversal of the compensation court's exclusion of exhibit 3 from evidence. In particular, Johnson contends the remedy for a failure to timely disclose is not an exclusion of evidence.

Rule 4 was recently amended to state that discovery in the Workers' Compensation Court will be pursuant to the Nebraska Discovery Rules for all civil cases promulgated by this court. However, because rule 4 was amended after the time the instant case was tried, the 1996 version of rule 4 applies in the instant case. The 1996 version of rule 4D provides in part:

> No party will be allowed to introduce documentary evidence not timely identified or exchanged, or to amend forms, answers, medical reports or lists of witnesses within 30 days of the date of trial, unless the offering party shows good cause why the late offering of such evidence should be excused.

Rule 10 is an evidentiary rule. The 1996 version of rule 10 states:

> The Nebraska Workers' Compensation Court is not bound by the usual common law or statutory rules of evi-

dence; and accordingly, with respect to medical evidence on hearings before a single judge of said court, written reports by a physician or surgeon *duly signed* by him, her or them and itemized bills may, at the discretion of the court, be received in evidence in lieu of or in addition to the personal testimony of such physician or surgeon . . . .

Each party shall serve all reports of a physician or surgeon . . . relevant to the case in possession of the party upon each opposing party. The service shall be received at least 30 days prior to the time set for hearing if the party intends to offer the report as evidence.

(Emphasis supplied.)

The 1996 version of rule 4 allows for the exclusion of evidence in the compensation court that would otherwise be admissible but for the failure to disclose. However, we have held that the compensation court does not have the right to establish rules of evidence, procedure, or discovery that are more restrictive or onerous than the rules applicable to the trial courts in this state. *Cunningham v. Leisure Inn*, 253 Neb. 741, 573 N.W.2d 412 (1998); *Zessin v. Shanahan Mechanical & Elec., supra*; *Phillips v. Monroe Auto Equip. Co., supra*. Substantive sanctions regarding discovery and other pretrial matters in the compensation court should be subject to at least the same procedural safeguards as comparable sanctions for alleged discovery violations in Nebraska's civil courts. *Id.* Thus, before the ultimate sanction of prohibiting a party from introducing otherwise admissible evidence is imposed in civil cases, all affected parties must have received notice and an opportunity to be heard on the merits. *Cunningham v. Leisure Inn, supra*; *Phillips v. Monroe Auto Equip. Co., supra*. See, also, Neb. Ct. R. of Discovery 37 (rev. 1996) (before ultimate sanction of prohibiting party from introducing otherwise admissible evidence is imposed, opposing party must file notice requesting such sanction with reasonable notice to all affected parties).

In *Phillips v. Monroe Auto Equip. Co.*, 251 Neb. 585, 558 N.W.2d 799 (1997), a single judge of the compensation court sustained the employer's rule 4 objections to the depositions of two medical doctors that were not timely disclosed. However, the evidence would have been admissible in virtually all trial

courts in this state. We stated that while the compensation court is empowered to admit evidence that is not admissible in the trial courts of this state, it does not have the right to establish rules of evidence or procedure that are more restrictive than the rules applicable to trial courts in this state.

In *Zessin v. Shanahan Mechanical & Elec.*, 251 Neb. 651, 558 N.W.2d 564 (1997), we upheld the action of the compensation court in overruling an employer's rule 4 objection to evidence regarding causation because the compensation court determined that good cause existed for receiving the testimony due to a prior agreement between the parties. Most recently, we have upheld the exclusion of evidence based on a rule 4 objection.

In *Cunningham v. Leisure Inn, supra*, a worker offered into evidence a medical report that had not been disclosed. The compensation court allowed the worker to attempt to show "good cause" under rule 4 as to why the exhibit had not been exchanged. After an explanation that the worker was unable to pay the physician for the report, the compensation court determined that good cause had not been shown and sustained the employer's rule 4 objection. A review panel of the compensation court reversed. However, we reversed the conclusion of the review panel and reinstated the action of the trial court because the trial court clearly gave the worker the opportunity to show cause and because the worker specifically stated that she was not seeking a continuance.

The instant case is distinguishable from *Phillips*, *Zessin*, and *Cunningham* with respect to one key fact. Unlike those cases, the exhibit offered by Johnson, while not timely disclosed in violation of rule 4, was also not signed in violation of rule 10. The trial court specifically stated in its order of dismissal that one of the reasons exhibit 3 was not received was because it was not signed. Thus, the instant case does not involve a situation where the compensation court or a rule of that court prohibited a party from introducing evidence that would otherwise be admissible in the trial courts of this state without providing the same procedural safeguards comparable for discovery violations in Nebraska's civil courts. Rather, this case involves the violation of rule 10 which is an evidentiary rule.

In the instant case, rule 10 is not more restrictive than the rules applied to trial courts in this state. To the contrary, rule 10 allows for the introduction into evidence of signed medical reports in place of live expert testimony. In the trial courts of this state, medical reports produced outside of the courtroom are hearsay. *Vacanti v. Master Electronics Corp.*, 245 Neb. 586, 514 N.W.2d 319 (1994). See Neb. Rev. Stat. § 27-802 (Reissue 1995). Therefore, rule 10 allows the compensation court to admit into evidence medical reports that would not normally be admissible in the trial courts of this state, providing that those reports are signed. Johnson concedes that exhibit 3 would not have been admissible in any other court action.

The compensation court is not bound by the usual common-law or statutory rules of evidence; admission of evidence is within the discretion of the compensation court, whose determination in this regard will not be reversed upon appeal absent an abuse of discretion. *Berggren v. Grand Island Accessories*, 249 Neb. 789, 545 N.W.2d 727 (1996). In the instant case, the compensation court refused to accept into evidence a written report that would not have been admissible in the trial courts of this state and was further in violation of the compensation court's own evidentiary rule requiring the report to be signed. In addition, Johnson does not contend that exhibit 3 would have been admissible in any other action. Accordingly, our previous cases involving rule 4 violations do not apply, and the compensation court did not abuse its discretion in refusing to accept exhibit 3 into evidence.

## MOTION TO CONTINUE

Johnson next contends the compensation court erred in denying his motion for a continuance. Continuances are governed by Workers' Comp. Ct. R. of Proc. 8 (1996), which states that "[a] continuance, under any circumstances, may be granted if good cause is shown . . . ."

A motion for continuance is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Adrian v. Adrian*, 249 Neb. 53, 541 N.W.2d 388 (1995). See, also, *Stewart v. Amigo's Restaurant*, 240 Neb. 53, 480 N.W.2d 211 (1992) (applying abuse of discretion standard to workers' compensation cases).

The Nebraska Court of Appeals has stated that a continuance is ordinarily the proper method for dealing with a claim that there has been a failure to disclose in a timely manner. *Brown v. Hansen*, 1 Neb. App. 962, 510 N.W.2d 473 (1993). This court has indicated agreement with that principle. See *Cunningham v. Leisure Inn*, 253 Neb. 741, 573 N.W.2d 412 (1997). However, as discussed previously, the instant case involves more than a failure to disclose in a timely manner. Rather, exhibit 3 was evidence that, even if timely disclosed, would not have been admissible in the compensation court because it was not signed. Accordingly, the issue is not whether a continuance must be granted or is the only remedy available when there is solely a failure to timely disclose. Rather, the issue is whether the compensation court abused its discretion in denying a continuance when exhibit 3 was not timely disclosed and was not signed, and when a prior continuance had already been granted in the case at Johnson's request.

Johnson argues that exhibit 3 was received only the day before trial, making timely disclosure impossible. However, Johnson had been seeing Dr. Bainbridge since shortly after his injury in January 1994. Johnson also had additional time from early June 1996 until the time of trial in September to obtain the necessary medical reports because the case had already been continued from July 24 to September 26. Furthermore, the compensation court inquired into whether the report referenced something Johnson either had received treatment for or had been diagnosed with in the past 30 days, noting that the exhibit referenced the 1994 injury. Johnson indicated that it did not. Thus, it is clear that Johnson had ample time to obtain the proper documentation necessary to prosecute his case and that exhibit 3 did not include any new information that could not have been obtained in a timely fashion. Good cause was not shown to continue the case, and the trial court did not abuse its discretion in refusing to grant Johnson a continuance.

## CAUSATION

Johnson's final contention is that the trial court erred in determining that Johnson failed to establish causation between his work-related accident and the injuries he sustained. Johnson

argues that the records of Dr. Bowman are sufficient to establish causation because a report by Dr. Bowman mentions the 1994 accident at work even though the report does not state that the injury was caused by the 1994 accident "with reasonable medical certainty." In particular, Johnson argues that usage of the phrase "with reasonable medical certainty" is unnecessary. However, Dr. Bowman's report not only fails to state an opinion regarding causation "with reasonable medical certainty," the report appears to give no opinion at all regarding causation.

Neb. Rev. Stat. § 48-101 (Reissue 1993) compensates injury caused an employee by an accident arising out of and in the course of his or her employment. *Johnson v. Holdrege Med. Clinic*, 249 Neb. 77, 541 N.W.2d 399 (1996). To recover compensation benefits, an injured worker is required to prove by competent medical testimony a causal connection between the alleged injury, the employment, and the disability. *Winn v. Geo. A. Hormel & Co.*, 252 Neb. 29, 560 N.W.2d 143 (1997). A workers' compensation award cannot be based on possibility or speculation, and if an inference favorable to the claimant can only be reached on the basis thereof, then the claimant cannot recover. *Paulsen v. State*, 249 Neb. 112, 541 N.W.2d 636 (1996).

The report describes Johnson's work-related incidents and his symptoms without making a statement indicating Dr. Bowman's opinion of causation. Finally, the record contains an insurance form submitted by Dr. Bowman with the "no" box checked where asked if the patient's condition is related to employment. Thus, it is left to speculation whether Johnson's injuries and subsequent surgery were the result of the 1983 accident at work, the work-related incident in January 1994, the action of Johnson picking up a paper at home, or some other source. References to causation made by Dr. Bainbridge are equally unclear.

Exhibit 3, Dr. Bainbridge's medical report, would have provided the necessary medical opinion regarding causation. However, exhibit 3, as previously discussed, was not allowed into evidence. Thus, not only does the record lack any medical testimony showing a causal relationship between the 1994 work-related incident and Johnson's surgery in 1996, but it con-

tains a statement that the opposite might be true. Because it was not error for the compensation court to exclude exhibit 3 from evidence, Johnson failed to show causation.

The trial court did not abuse its discretion by refusing to allow exhibit 3 into evidence or by overruling Johnson's motion for a continuance. Because exhibit 3 was not entered into evidence, causation was not shown. Accordingly, we affirm.

AFFIRMED.