ANTONIO FERNANDEZ BAUCOM, APPELLEE, V.
DRIVERS MANAGEMENT, INC., APPELLANT.
686 N.W.2d 98

Filed August 31, 2004.   No. A-03-1080.

John W. Iliff and Francie C. Riedmann, of Gross & Welch,
P.C., for appellant.

Maureen A. Fitzgerald for appellee.

Irwin, Chief Judge, and Sievers and Carlson, Judges.

Irwin, Chief Judge.

## I. INTRODUCTION

Drivers Management, Inc. (DMI), appeals from an order of the Nebraska Workers' Compensation Court awarding Antonio Fernandez Baucom benefits for an injury incurred on November 6, 2000. DMI argues that the trial court erred in admitting certain exhibits because the exhibits failed to comply with Workers' Comp. Ct. R. of Proc. 10 (2000). For the reasons stated below, we affirm.

## II. BACKGROUND

In a work-related accident on November 6, 2000, Baucom incurred injuries to his left knee, head, and back. Baucom sought medical treatment and ultimately underwent surgery for a total knee replacement. On July 16, 2001, Baucom filed a petition in the Workers' Compensation Court seeking payment for medical expenses, temporary total disability, permanent partial disability, a waiting-time penalty, and attorney fees.

Trial was held on September 4, 2002. The trial court heard testimony from Baucom and admitted numerous exhibits into evidence, with several of those exhibits being admitted over the objections of DMI. On November 7, the trial court entered an order awarding Baucom temporary total disability benefits, permanent partial disability benefits, and medical expenses. Specifically, the trial court found that Baucom was injured in a work-related accident which caused Baucom to require a total knee replacement. The trial court also determined that Baucom's accident caused him to be temporarily totally disabled and permanently partially disabled.

DMI appealed the order of the trial court to a three-judge review panel of the Workers' Compensation Court. DMI argued that the trial court erred in finding causation and in awarding permanent partial disability benefits and medical expenses. The basis of DMI's arguments was that the court improperly admitted exhibits which did not comply with rule 10 and subsequently relied upon those exhibits in making its findings.

DMI also appealed the trial court's admission of exhibits 3 through 9. The review panel affirmed the trial court's admission of the exhibits for two reasons. First, the review panel found that DMI failed to preserve on appeal its objection that the exhibits failed to comply with rule 10. The review panel stated that DMI had objected to the exhibits "from its belief that Rule 10 of the Rules of Procedure of the Nebraska Workers' Compensation Court was not satisfied, thus rendering the exhibits irrelevant." The review panel then stated, "[I]t is clear that the exhibits were, in fact, relevant." The review panel noted that under rule 10, medical reports that do not comply with rule 10 are inadmissible as hearsay, not as irrelevant. The review panel then determined that DMI objected only on the ground of relevance, not hearsay, and that DMI thus failed to preserve on appeal the argument that the exhibits failed to comply with rule 10.

Second, the review panel affirmed the ruling of the trial court because the review panel found that the trial court did not err in admitting the exhibits. The review panel stated:

> To adopt [DMI's] narrow interpretation of Rule 10 would be to require that each and every scrap and piece of medical evidence submitted by a party be read without regard to any other medical evidence submitted. Each report, no matter the content of any companion records, would (under [DMI's] view) need to meet six specific requirements, i.e., "reports must be (1) signed and must (2) narrate (3) the history, (4) diagnosis, (5) findings, and (6) conclusions of the doctor. If any of those six elements is missing, the report does not meet the requirements of Rule 10."

The review panel then determined that the principles of Nebraska workers' compensation law require a more liberal interpretation of rule 10, which interpretation would permit the exhibits to be read in conjunction with each other when determining whether rule 10 has been complied with. In considering exhibits 3 through 9 in conjunction with each other, the review panel found that the exhibits met the requirements of rule 10.

DMI now appeals to this court.

### III. ASSIGNMENTS OF ERROR

DMI asserts, restated and renumbered, that the trial court erred in (1) admitting into evidence certain medical reports in violation

of rule 10, (2) finding that Baucom proved medical causation for his surgery for a total knee replacement, (3) determining that Baucom sustained a 38-percent permanent partial disability, and (4) awarding Baucom medical expenses.

## IV. ANALYSIS

### 1. Standard of Review

An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court did not support the order or award. *Morris v. Nebraska Health System*, 266 Neb. 285, 664 N.W.2d 436 (2003) (citing *Zavala v. ConAgra Beef Co.*, 265 Neb. 188, 655 N.W.2d 692 (2003), and *Vega v. Iowa Beef Processors*, 264 Neb. 282, 646 N.W.2d 643 (2002)).

In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the trial judge who conducted the original hearing. *Morris, supra* (citing *Frauendorfer v. Lindsay Mfg. Co.*, 263 Neb. 237, 639 N.W.2d 125 (2002), and *Vonderschmidt v. Sur-Gro*, 262 Neb. 551, 635 N.W.2d 405 (2001)). Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.* (citing *Frauendorfer, supra*).

An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Id.* (citing *Larsen v. D B Feedyards*, 264 Neb. 483, 648 N.W.2d 306 (2002), and *Vega, supra*).

### 2. Rule 10 Medical Reports

DMI argues that the trial court erred in admitting Baucom's exhibits 3 through 9, because those exhibits did not comply with rule 10, thus making the exhibits inadmissible. DMI further argues that the three-judge review panel erred in affirming the ruling of the trial court on the basis that DMI failed to properly

preserve its objection to the admission of the exhibits. We find that DMI's arguments are without merit.

The review panel determined that DMI failed to preserve on appeal its argument that exhibits 3 through 9 were inadmissible because they did not comply with rule 10. The review panel stated that a medical report which does not comply with rule 10 is inadmissible as hearsay, but that DMI failed to object on the basis of hearsay. DMI argues that the review panel was incorrect. Though DMI does not mention this, the review panel also stated, "[E]ven if one were to disregard or otherwise overlook the failure of [DMI] to preserve a hearsay objection, [DMI's] appeal would be otherwise flawed." The review panel then determined that when all of the reports are read in conjunction with each other, the exhibits complied with the requirements of rule 10.

■ We recognize the concern of the review panel regarding DMI's objection to exhibits 3 through 9. A reading of the bill of exceptions appears to reflect that DMI objected on the basis of relevance. When asked if DMI objected to the admission of exhibits 1 through 29, DMI stated: "Yes. To Exhibits 3 through 9 on the basis of relevance. Those are medical records. Those records are not rule ten reports and cannot be used to prove causation." DMI's objection could be interpreted to be that the reports are not relevant because they do not comply with rule 10. Such an argument would be incorrect, because whether the report complies with rule 10 goes to the admissibility of the report as evidence which would otherwise be inadmissible hearsay.

■ An objection, based on a specific ground and properly overruled, does not preserve a question for appellate review on any other ground. *State v. Fahlk*, 246 Neb. 834, 524 N.W.2d 39 (1994); *State v. Schrein*, 244 Neb. 136, 504 N.W.2d 827 (1993). See *Havlicek v. State*, 101 Neb. 782, 165 N.W. 251 (1917). DMI's apparent misunderstanding of rule 10 seems to have resulted in a specific objection on the ground of relevance, which would not preserve an objection on the ground of hearsay. However, if we interpret DMI's objection to be on the ground of relevance *and* that the reports were inadmissible because they did not comply with rule 10, implied from its statement that the exhibits "are not rule ten reports," DMI properly preserved its argument on appeal. Nonetheless, DMI's objections were essentially without merit.

DMI argues that rule 10 requires that in order to be admissible, a medical report must be signed and must narrate the history, diagnosis, findings, and conclusions of the physician that made the report. DMI further argues that Baucom's exhibits 3 through 9 failed to comply with rule 10 and are thus inadmissible. The review panel held that the reports, when read in conjunction with each other, satisfied rule 10 and were thus admissible. A reading of rule 10 reveals that DMI and the review panel are misconstruing the rule.

Rule 10 states in part:

> **A. Medical and Vocational Rehabilitation.** The Nebraska Workers' Compensation Court is not bound by the usual common law or statutory rules of evidence; and accordingly, with respect to medical evidence on hearings before a single judge of said court, *written reports by a physician or surgeon duly signed by him, her or them and itemized bills may, at the discretion of the court, be received in evidence* in lieu of or in addition to the personal testimony of such physician or surgeon; with respect to evidence produced by vocational rehabilitation experts, physical therapists, and psychologists on hearings before a single judge of said court, written reports by a vocational rehabilitation expert, physical therapist, or psychologist duly signed by him, her or them and itemized bills may, at the discretion of the court, be received in evidence in lieu of or in addition to the personal testimony of such vocational rehabilitation expert, physical therapist, or psychologist. A sworn statement or deposition transcribed by a person authorized to take depositions is a signed, written report for purposes of this rule.
>
> *A signed narrative report by a physician* or surgeon, vocational rehabilitation expert, or psychologist *setting forth the history, diagnosis, findings and conclusions of the physician* or surgeon, vocational rehabilitation expert, or psychologist and which is relevant to the case *shall be considered evidence on which a reasonably prudent person is accustomed to rely in the conduct of serious affairs.* The Nebraska Workers' Compensation Court recognizes that such narrative reports are used daily by the insurance

industry, attorneys, physicians and surgeons and other practitioners, and by the court itself in decision making concerning injuries under the jurisdiction of the court. (Emphasis supplied.)

The only requirements for a medical report to be admissible under rule 10, as emphasized above, are that the report be a medical report and be signed. DMI's statement that rule 10 requires every medical report to also be narrative and include the history, diagnosis, findings, and conclusion of the physician is inaccurate. Rule 10 merely states that when a report *is* a narration setting forth the history, diagnosis, findings, and conclusions of the physician and when the report is relevant to the case, the report must be considered evidence on which a reasonably prudent person is accustomed to rely in the conduct of serious affairs. This is clear because the court rule then specifically articulates why such reports must be considered as such, stating that such reports are used daily in making decisions concerning injuries. Clearly, the words "narrative," "history," "diagnosis," "findings," and "conclusions of the physician" are not elements that every report must have in order to be admissible under rule 10.

DMI cites to *Johnson v. Ford New Holland*, 254 Neb. 182, 575 N.W.2d 392 (1998), for the premise that a report is properly excluded if the report does not comply with rule 10. We do not disagree with this premise. However, the report that was properly excluded in *Johnson* was excluded because it was not signed. *Johnson* does not stand for the proposition that rule 10 requires that in order to be admissible, a medical report must be signed, narrative, and include the history, diagnosis, findings, and conclusions of the physician. These are not requirements of rule 10. In fact, *Johnson* states, "[R]ule 10 allows the compensation court to admit into evidence medical reports that would not normally be admissible in the trial courts of this state, providing that those reports are signed." 254 Neb. at 190, 575 N.W.2d at 397.

All of these exhibits objected to by DMI contain physicians' signatures except exhibit 6. DMI does not argue that any of the exhibits are not medical reports. Accordingly, exhibits 3 through 5 and 7 through 9 were properly admitted into evidence by the trial court. It was error for the trial court to admit exhibit 6 under rule 10, because the exhibit does not contain a physician's

signature. However, admission of this exhibit was harmless error. At no time did the trial court expressly rely on exhibit 6. Furthermore, exhibit 6 is merely a description of the surgery Baucom underwent. The exhibit contains no information with regard to causation, the extent of Baucom's disability, or costs of medical treatment. The remaining exhibits in the record sufficiently establish causation, disability, and benefits owed, without the use of exhibit 6.

The review panel affirmed the ruling of the trial court on the bases that DMI failed to preserve its objection to exhibits 3 through 9 and that the reports, when read in conjunction with each other, did comply with rule 10. We find that exhibits 3 through 5 and 7 through 9 each independently comply with rule 10. We further find that the trial court committed harmless error in admitting exhibit 6, which exhibit did not comply with rule 10. As such, the review panel reached the right result, albeit for the wrong reasons. Because a proper result will not be reversed merely because it was reached for the wrong reasons, we affirm. See *Thornton v. Grand Island Contract Carriers*, 262 Neb. 740, 634 N.W.2d 794 (2001).

### 3. AWARD OF BENEFITS

DMI next argues that the trial court erred in finding causation and in awarding medical expenses and permanent partial disability benefits. We first note that DMI does not argue that the court was clearly wrong in relying on Baucom's medical reports for any other reason other than that the reports were not admissible under rule 10.

With regard to causation, DMI argues that the trial court erred in finding causation, because the court relied upon a physician's statement found in exhibit 5, which exhibit DMI claims was inadmissible. Because we found that the trial court did not err in admitting exhibit 5, the trial court could rely on the statement to find that Baucom's work-related accident caused his knee injury which necessitated surgery for a total knee replacement. As such, the trial court was not clearly wrong in relying on exhibit 5.

Similarly, DMI argues that the trial court erred in determining that Baucom sustained a 38-percent permanent partial disability to his left leg and in awarding future medical expenses. Again,

DMI argues only that the basis of the trial court's decision was from an inadmissible medical report, exhibit 5. As stated above, the trial court did not err in admitting exhibit 5 and thus was not clearly wrong in relying on the exhibit to find that Baucom suffered a 38-percent permanent partial disability to his left leg and is entitled to future medical expenses.

Finally, DMI argues that the only admissible evidence in the record regarding Baucom's injury was exhibit 39, the medical report of DMI's expert, whose diagnosis obviously would entitle Baucom to a substantially smaller award. In light of our findings above, this argument is clearly without merit.

## V. CONCLUSION

For the reasons stated above, we find that exhibits 3 through 5 and 7 through 9 were not admitted into evidence in violation of rule 10. We further find that while exhibit 6 did not comply with rule 10, admission of the exhibit was harmless error. Accordingly, we affirm the ruling of the trial court as affirmed by the review panel.

AFFIRMED.