Adam Liljestrand, appellee, v. Dell Enterprises, Inc.,
doing business as The Dundee Dell, appellant.
___ N.W.2d ___

Filed January 24, 2014.    No. S-13-063.

1. **Appeal and Error.** The construction of a mandate issued by an appellate court
   presents a question of law.
2. **Constitutional Law: Due Process.** Whether the procedures afforded an individ-
   ual comport with constitutional requirements for procedural due process presents
   a question of law.
3. **Courts: Appeal and Error.** An appellate court independently reviews questions
   of law decided by a lower court.
4. **Judges: Evidence.** Generally, a successor judge may not make a decision based
   on conflicting evidence that a predecessor judge heard.
5. **Trial: Judges: Due Process: Witnesses.** Due process entitles a litigant to have
   all the evidence submitted to a single judge who can see the witnesses testify and,
   thus, weigh their testimony and judge their credibility.

Appeal from the Workers' Compensation Court: Thomas E.
Stine, Judge. Reversed and remanded for a new trial.

Thomas M. Locher and Joseph J. Kehm, of Locher, Pavelka,
Dostal, Braddy & Hammes, L.L.C., and, on brief, Robert H.
Grennan for appellant.

Ronald E. Frank and Harry A. Hoch III, of Sodoro, Daly,
Shomaker & Selde, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
Miller-Lerman, and Cassel, JJ.

Connolly, J.

## SUMMARY

This workers' compensation appeal presents a due process
issue. The original trial judge retired while the case was on
appeal. The original trial judge found that the appellee, Adam
Liljestrand, was permanently and totally disabled. The appel-
lant, Dell Enterprises, Inc., doing business as The Dundee
Dell (Dell), sought review with a three-judge review panel.
The review panel remanded the cause because it was not clear
how the judge had treated the presumption of correctness
afforded to the vocational rehabilitation specialist's opinion of

Liljestrand's disability. Dell appealed, and the Nebraska Court of Appeals affirmed.[1] But it left it to the chief judge of the Workers' Compensation Court how to instruct the new trial judge on remand.

On remand, the case was assigned to a new trial judge, who reviewed the record and issued an order without an evidentiary hearing. The new trial judge found that Liljestrand had rebutted the presumption afforded to the specialist's opinion. We granted Dell's motion to bypass the Court of Appeals. We conclude that this procedure violated due process because the witnesses' credibility was relevant to the issues presented at trial. We reverse the order and remand the cause for a new trial.

## BACKGROUND

Liljestrand originally injured his back in September 2001 while he was working for Dell as a bartender. After surgery, Liljestrand was given work restrictions of 30 pounds for lifting and no repetitive bending or twisting. He required alternative sitting or standing every 2 hours. In September 2002, the agreed-upon vocational rehabilitation specialist, Ronald Schmidt, concluded that Liljestrand had sustained a 60- to 65-percent loss of earning power. Schmidt recommended that Liljestrand attend college for retraining as a financial advisor. The original trial court awarded Liljestrand vocational rehabilitation, which ended in 2004. Liljestrand eventually secured a job as an independent contractor providing financial advice to clients regarding insurance and mutual funds. But he reported that the narcotic pain medications he had to take for his back pain made him groggy and sleepy. He felt unable to advise clients about their financial affairs. Because of his lack of mental acuity and inability to sit for prolonged periods, he also could not perform the work in a subsequent position he took in recruiting nurses. He was last employed in May 2008.

In 2010, the surgeon reexamined Liljestrand and determined that he was suffering from mechanical low-back pain

---

[1] *Liljestrand v. Dell Enters.*, No. A-11-925, 2012 WL 3591087 (Neb. App. Aug. 21, 2012) (selected for posting to court Web site).

and referred him to a pain clinic. He concluded that the
restrictions that he originally ordered had not changed but
deferred to the judgment of physicians who were currently
treating Liljestrand's pain. A different physician, however,
determined that Liljestrand had scar tissue from the sur-
gery and further disk herniation that was causing his current
pain. He diagnosed Liljestrand with "failed back syndrome"
and determined that his condition had deteriorated since his
2002 loss of earning power evaluation. He believed that
Liljestrand's medications were appropriate and that he was
totally disabled.

In November 2010, Liljestrand's then vocational rehabili-
tation specialist, Stephen Schill, prepared a loss of earning
capacity report. Schill believed that Liljestrand was unemploy-
able and was permanently and totally disabled. In January
2011, Schmidt, the 2002 specialist, provided an updated loss
of earning capacity report. Schmidt determined that Liljestrand
had access to many sedentary jobs and that his loss of earning
capacity was 34 percent. He discredited Schill's analysis and
noted that Liljestrand's ability to care for his two preschool
daughters while his wife worked showed that he had some
flexibility and strength.

At the 2011 hearing, the sole issue was the nature and extent
of Liljestrand's permanent disability. The trial court found
Liljestrand's testimony credible that he needed his current
medications to control his back pain and that these medica-
tions reduced his mental acuity. The judge concluded that
Liljestrand's loss of earning capacity had increased since the
original assessment and that he was completely disabled as of
October 2010 because of the effect of his medications, coupled
with his physical restrictions. He did not mention the rebut-
table presumption of correctness afforded to Schmidt's report.[2]
The review panel concluded that it could not tell whether the
trial judge had considered the presumption afforded Schmidt's
report and determined that it must remand the cause for
that purpose.

---

[2] See Neb. Rev. Stat. § 48-162.01(3) (Reissue 2010).

Court of Appeals' Decision

On appeal, the Court of Appeals determined that the review panel's order was final because it effectively vacated the trial judge's order, thus affecting Liljestrand's substantial right:

We think it goes without saying that a remand to a lower tribunal of necessity cancels out all or part of the lower tribunal's original decision. . . . .

. . . [W]hen the review panel's decision is read in its entirety, it is clear that the intent was a remand for determination of the applicability of the presumption of correctness to Schmidt's opinion, or whether such had been overcome by rebutting evidence from Schill. . . .

. . . [I]t is clear that the effect of the remand, of necessity, is to take away the award of permanent total disability from Liljestrand. Without this appeal, there would be further proceedings by the trial judge to determine the extent of permanent disability. The trial judge is directed to determine the applicability of the statutory presumption concerning the agreed-upon vocational rehabilitation counselor's second opinion rendered January 21, 2011— necessarily meaning that the trial judge must decide the case anew after the consideration of the issue and evidence which was not discussed in the trial judge's original decision. Accordingly, Liljestrand's substantial right is affected, as he has now lost his permanent and total disability award.[3]

The Court of Appeals declined to infer that the trial judge had found the presumption rebutted, because Workers' Comp. Ct. R. of Proc. 11 (2011), as amended, requires sufficient findings to provide meaningful appellate review:

In this case, we need factual findings and a rationale concerning whether the presumption of correctness applied or had been rebutted . . . . Our jurisprudence is that in such circumstance, the remedy is to remand to the trial judge for a determination of the unresolved issue, upon the previous record. . . . We note in passing that in *Hale,*

[3] *Liljestrand, supra* note 1, 2012 WL 3591087 at *4-5.

*supra*,[4] the Supreme Court vacated the trial judge's decision on the issue where there was no compliance with Rule 11. This result serves to reinforce our conclusion in our jurisdiction discussion that the review panel's decision in the instant case affects Liljestrand's substantial rights and that thus, the review panel's decision is appealable.[5]

But the Court of Appeals noted that the trial judge had retired and could not render the new decision: "Thus, we leave the determination of who shall become the trial judge and follow the directions of the review panel in the hands of the chief judge of the compensation court."[6]

### Proceedings on Remand

The case was assigned to a new judge on remand, without instructions to conduct a new hearing. In December 2012, the new trial judge issued an "Award on Mandate" order. He concluded that the Court of Appeals' mandate required him to review the previous record and issue a new order. After reviewing the record, he concluded that the evidence presented at the trial had rebutted Schmidt's updated report. He noted that at the 2011 hearing, Schmidt believed Liljestrand's loss of earning capacity had decreased because of his vocational training. But Schmidt had admitted that he did not know the effect that Liljestrand's medications would have on his employability. The new trial judge concluded that Schmidt had not attempted to verify the effect of these medications but that the second physician's report had documented the effect of the medications. Because Schmidt did not consider this report or Liljestrand's reports of his actual experiences, his opinion was incorrect. In addition, based on the previous record, the new trial judge ruled that Liljestrand was permanently and totally disabled as of October 5, 2010, and awarded him permanent disability benefits of $508 per week.

---

[4] See *Hale v. Standard Meat Co.*, 251 Neb. 37, 554 N.W.2d 424 (1996).

[5] *Liljestrand, supra* note 1, 2012 WL 3591087 at *6.

[6] *Id.* at *7.

## ASSIGNMENTS OF ERROR

Dell assigns that the court erred in (1) failing to conduct a new trial or abide by procedural due process requirements and (2) finding that Liljestrand was permanently and totally disabled.

## STANDARD OF REVIEW

[1-3] The construction of a mandate issued by an appellate court presents a question of law.[7] Whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law.[8] We independently review questions of law decided by a lower court.[9]

## ANALYSIS

Dell contends that the new trial judge violated its due process rights by issuing an order without notice or an opportunity to be heard on the meaning of the mandate, to present evidence, or to cross-examine witnesses. Dell argues the procedure was constitutionally deficient because a workers' compensation judge is the sole judge of the witnesses' credibility and the successor judge had no opportunity to assess their credibility. Instead, Dell argues the successor trial judge acted as an appellate judge by issuing an order based solely from his reading the record. It cites cases from other jurisdictions holding that due process requires a decision to be entered by the judge who heard the evidence and observed the witnesses.

Liljestrand, of course, sees it differently. He argues that the only issue on remand was whether the evidence had rebutted the presumption of correctness afforded Schmidt's report and that due process did not require a new trial on all the issues. But this argument ignores the effect of the Court of Appeals' decision and the trial court's rulings on remand.

---

[7] *Pennfield Oil Co. v. Winstrom*, 276 Neb. 123, 752 N.W.2d 588 (2008).

[8] *Travelers Indem. Co. v. Gridiron Mgmt. Group*, 281 Neb. 113, 794 N.W.2d 143 (2011).

[9] *Moyera v. Quality Pork Internat.*, 284 Neb. 963, 825 N.W.2d 409 (2013).

The Court of Appeals found that it had jurisdiction over the first appeal because the effect of the review panel's remand was to "take away" the award of permanent total disability.[10] The Court of Appeals further stated that deciding whether the presumption of correctness was rebutted would necessarily mean that the new trial judge "must decide the case anew."[11] The correctness of these conclusions are not before us, but the decision can only reasonably be interpreted as concluding that the award order was vacated by the Court of Appeals' affirmance.

That conclusion was the law of the case on remand, and the successor trial judge accordingly treated the original order as vacated. He did not limit his order to whether the evidence had rebutted the presumption. He also ruled on Liljestrand's entitlement to disability benefits, and Liljestrand argues on appeal that this finding was correct.

[4,5] State courts generally agree that a successor judge may not make a decision based on conflicting evidence that a predecessor judge heard,[12] although courts sometimes differ when the parties have consented to the procedure or have agreed to the facts underlying an issue of law.[13] We agree with this general rule. It rests upon the principle that "due process entitles a litigant to have all the evidence submitted to a single judge who can see the witnesses testify and, thus weigh their testimony and judge their credibility."[14]

Moreover, the rule is consistent with the reason that we defer to a trial court's findings of fact. We have stated that

---

[10] *Liljestrand, supra* note 1, 2012 WL 3591087 at *5.

[11] *Id.*

[12] See Annot., 84 A.L.R.5th 399 (2000).

[13] Compare *Smith v. Freeman*, 232 Ill. 2d 218, 902 N.E.2d 1069, 327 Ill. Dec. 683 (2009) (parties may waive their due process right to have issues decided by successor judge if waiver is knowing, intelligent act), with *Moore Golf v. Lakeover Golf & Country Club*, 49 A.D.2d 583, 370 N.Y.S.2d 156 (1975) (holding that despite parties' stipulation to procedure, new trial was necessary where case hinged on credibility of trial witnesses).

[14] See *Smith, supra* note 13, 232 Ill. 2d at 223, 902 N.E.2d at 1071, 327 Ill. Dec. at 685.

in a bench trial of an action at law, the trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony.[15] Even under more lenient standards of review, we generally defer to a trial court's assessment of conflicting evidence because the trial court had the advantage of hearing and observing important parts of evidence that are not readily apparent from a cold record.[16] These principles weigh against a successor judge's making findings of fact from a transcript of proceedings before a different judge.

We need not consider here any exceptions that other courts have recognized because none are presented by this record. The parties did not consent to this procedure, and they clearly presented conflicting evidence at the original hearing whether the presumption should be rebutted. Moreover, the issues involved the credibility of witnesses.

It is true that Schmidt admitted to not considering the effect of pain medications on Liljestrand's ability to work. But he also testified that no physician provided him with restrictions based on Liljestrand's medications and that Nebraska law prohibited him from investigating this information himself. Liljestrand challenged this assertion. Similarly, Dell challenged both Liljestrand and his wife about why they would leave their two young children in Liljestrand's care if he could not drive or care for their needs because of his medications or physical restrictions. These witnesses' credibility was clearly at issue both for determining whether the presumption of correctness afforded Schmidt's opinion had been rebutted and whether Liljestrand was totally disabled.

We reverse, because the successor judge's ruling on these issues without a new evidentiary hearing violated Dell's right to due process. We remand the cause to the Workers' Compensation Court for a new trial.

Reversed and remanded for a new trial.

---

[15] *Henderson v. City of Columbus*, 285 Neb. 482, 827 N.W.2d 486 (2013).

[16] See, e.g., *Caniglia v. Caniglia*, 285 Neb. 930, 830 N.W.2d 207 (2013); *U.S. Cold Storage v. City of La Vista*, 285 Neb. 579, 831 N.W.2d 23 (2013); *Coffey v. Coffey*, 11 Neb. App. 788, 661 N.W.2d 327 (2003).