MILES S. KLEMENT, APPELLEE, v. H. P. LAU COMPANY ET AL., APPELLANTS.

292 N. W. 381

FILED MAY 24, 1940. No. 30875.

*Herbert E. Story* and *John H. Roper, Jr.,* for appellants.

*Hawxby & Griffiths* and *Lee Kelligar, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation law. Comp. St. 1929, sec. 48-101.

Miles S. Klement, plaintiff, a traveling salesman in the employ of H. P. Lau Company, defendant, presented by petition to the compensation court a claim for an injury in the sacroiliac region of his back as the result of an automobile accident while in the performance of his duties as employee February 3, 1939. He sued also the Maryland Casualty Company, insurance carrier, defendant, alleged his wages at the time were $200 a month and claimed compensation of $15 a week.

The answer of defendants to the petition was a general denial.

Upon a trial of the cause, the compensation court found that plaintiff, as a result of the accident February 3, 1939, sustained a permanent partial disability; that his disability thereafter was 50 per cent. and compensable at $15 a week, but that he had entered into a duly approved lump sum settlement, September 27, 1935, with a former employer for a 15 per cent. permanent partial disability caused by accidental injury to his back and that consequently his compensation was limited to a 35 per cent. permanent partial disability as a result of the accident February 3, 1939, or $5.25 a week. The award of the compensation court conformed to its findings and was reviewed and affirmed by the district court, where plaintiff's attorneys were allowed

$150 for their services. Defendants appealed to the supreme court.

Defendants contend that plaintiff did not prove a compensable injury as the result of an accident arising out of and in the course of his employment as a traveling salesman for his employer, a wholesale grocer. The claim of plaintiff is also assailed as fraudulent and, in the argument on this defense, defendants emphasize the fact that plaintiff had previously entered into a lump sum settlement with a former employer for three accidental injuries, two of which are asserted to be identical with the accident described in the case at bar. There is little dispute in the testimony relating to material facts, but the evidence is too voluminous for detailed discussion herein. None of it has been overlooked. It tends to prove the following facts:

Traveling by automobile as salesman and collector for H. P. Lau Company, plaintiff, in the performance of his duties as such, was crowded by another car as he approached a narrow bridge on a highway about four miles west of Auburn in the early morning February 3, 1939. Plaintiff's car was damaged as the front end struck the right side of the bridge, but could still be operated. His back was injured and he suffered pain, but was able to drive to a hospital at Auburn, where Dr. F. M. Tushla examined him and taped his back for an injury in the sacroiliac region where ligaments had been strained. About noon plaintiff appeared at a garage in College View and there exchanged the car he had been driving for one he had left there for repairs. The garage owner commented on the damages to the car and on the appearance of injury to plaintiff, who called in the afternoon at the office of his employer in Lincoln and there told the sales manager of the accident and of resulting personal injury. This report, however, was denied at the trial by the sales manager, but the circumstances and testimony of other witnesses support plaintiff's version of what occurred at the office of the employer on the day of the accident. Two examining physicians expressed the opinion that plaintiff suffered a permanent partial disability as a result of the acci-

dent but declined to state the percentage of such disability. Plaintiff continued in the employ of H. P. Lau Company and in the performance of his duties, handicapped as he was by his injuries, from the date of the accident, February 3, 1939, until March 25, 1939, when he was discharged. He received his regular salary during that period. He testified he was disabled owing to back injuries which caused fatigue when driving and inability to carry sample cases of the same weight as formerly. He said he could fully perform the duties of his employment before the accident but was limited in capacity to perform them thereafter. He estimated his disability at half of normal, and a physician called to the witness-stand and examined by defendants estimated the permanent partial disability at 50 per cent. From the time of the accident to the trial in the district court plaintiff was treated regularly by his physician and his injured back was continuously supported by standard belts. Treatments did not result in permanent improvement. The record contains ample evidence of the facts thus narrated.

The facts relating to the lump sum settlement between plaintiff and a former employer are stated in the contract of the parties. The settlement reciting the claims of plaintiff, the denial by employer of liability therefor, the approval of the settlement by the compensation court and by the district court are all in the record and disclose the following facts: While employed as traveling salesman for the Manchester Biscuit Company, plaintiff claimed compensation for accidental injuries occurring January 24, 1933, December 23, 1933, and July 26, 1935. The employer did not admit liability for any of these claims, but entered into a lump sum settlement of all of them for $1,094.11 to avoid litigation. The record as a whole in the case at bar shows that plaintiff, while a traveling salesman, had four automobile accidents in seven years, two of them similar to the one now in issue. Travel by automobile on public highways is a known peril. Narrow bridges are frequently scenes of motor accidents. A human impulse to preserve life and avoid personal injury is an attribute common to motorists,

whether on business or pleasure. The substitution of a salary of $200 a month for workmen's compensation of $5.25 or $15 a week would not be much of an inducement for a normal traveling salesman to simulate or to deliberately cause an accident resulting in compensable injury. There is nothing in the record to impute such abnormal conduct to plaintiff. The evidence does show, however, that sales in plaintiff's territory had decreased rapidly in amount prior to the accident February 3, 1939; that the reasons for the losses were under investigation and that his employment was in known jeopardy. Either a real or feigned disability would handicap him in seeking employment as a traveling salesman, his means of livelihood. This mere inference or suspicion of fraud is not sufficient to prove a defense to the case made by plaintiff for compensation.

Defendants insist further that the award is erroneous in allowing compensation from the date of the accident. The evidence sustains the finding and judgment of the compensation court that plaintiff sustained a permanent partial disability of 35 per cent. as a result of the accident February 3, 1939. He was therefore entitled to compensation for a period of 300 weeks from that date. Comp. St. 1929, sec. 48-121, subdivision 2. The assignment of error presenting the point thus raised is therefore overruled.

The district court allowed a fee of $150 for the services of counsel for plaintiff and it is condemned by defendants as excessive. The nature, extent and vigor of the defenses urged imposed arduous duties on attorneys for plaintiff. Evidence before both the compensation court and the district court, including expert testimony, required attention. The law applicable to the facts called for skill and time of counsel upon the trial of the cause in the district court. In view of the voluminous record and the professional services performed, the fee is considered fair and reasonable.

For services of counsel for plaintiff in the supreme court a fee of $100 is allowed. Error in the proceedings and judgment below has not been found.

AFFIRMED.