ANTONIO ACOSTA, APPELLANT, V.
SEEDORF MASONRY, INC., APPELLEE.
569 N.W.2d 248

Filed October 10, 1997.    No. S-96-1112.

Phillip G. Wright, of Quinn & Wright, for appellant.

Scott A. Burcham for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, and STEPHAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Antonio Acosta appeals the decision of the Nebraska Workers' Compensation Court review panel which affirmed the compensation court's determination that since Acosta is not yet participating in an approved plan, the court is not authorized to order payment of temporary total disability.

## SCOPE OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1993), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Kerkman v. Weidner Williams Roofing Co.*, 250 Neb. 70, 547 N.W.2d 152 (1996); *Cords v. City of Lincoln*, 249 Neb. 748, 545 N.W.2d 112 (1996).

In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the single judge who conducted the original hearing. *Cords v. City of Lincoln, supra.*

With respect to questions of law in workers' compensation cases, an appellate court is obligated to make its own determination. *Wilson v. Larkins & Sons*, 249 Neb. 396, 543 N.W.2d 735 (1996).

## FACTS

Acosta was injured while working for Seedorf Masonry, Inc., on October 3, 1994. In an award entered on September 25, 1995, the trial court found that Acosta was temporarily totally disabled from October 4, 1994, through December 12, 1994, and that he sustained a 15-percent loss of earning capacity. The court determined that Acosta was entitled to vocational services, including job placement and retraining, as might be reasonably necessary. The Workers' Compensation Court specified that if Acosta desired to be evaluated as to his suitability for

rehabilitation services, he should contact the rehabilitation specialist of the Nebraska Workers' Compensation Court within 30 days of the award.

On October 2, 1995, Acosta requested vocational rehabilitation. Acosta and Seedorf were unable to agree on a rehabilitation specialist, and Acosta filed a motion to have the court name one. On December 4, Acosta filed a motion for an order pursuant to Neb. Rev. Stat. § 48-121(5) (Reissue 1993) directing benefits to him from the date of the award to the date of the motion and for so long as he was in vocational rehabilitation. On December 6, the court named Karen Ziegler as the vocational rehabilitation specialist. Ziegler met with Acosta on December 12 in order to begin development of a rehabilitation plan.

By order on January 25, 1996, the court concluded that it did not have the statutory authority to order payment of temporary total disability except for the period after commencement of an approved plan of vocational rehabilitation. Acosta did not directly appeal that decision, but later, on March 15, moved the court for an order changing vocational rehabilitation counselors, for an order declaring that Workers' Comp. Ct. R. of Proc. 44 (1995) was unconstitutional and contrary to § 48-121(5), and for an order granting temporary total disability benefits from the date of the award entered on September 25, 1995, to the present.

In response, Seedorf moved to quash Acosta's motion, asserting that it was barred under the doctrine of res judicata due to the prior January 25, 1996, order. Seedorf also claimed that the trial court lacked authority to enter an award of temporary total disability during the period of time a determination of rehabilitation plan was pending.

The Workers' Compensation Court denied Acosta's March 15, 1996, motion, noting that it had consistently interpreted § 48-121(5) and Neb. Rev. Stat. § 48-162.01(4) (Reissue 1993) to provide for payment of temporary total disability while an employee is enrolled or participating in an approved plan of vocational rehabilitation or while participating in the testing necessary to formulate a vocational rehabilitation plan. Because Acosta was not yet participating in a vocational rehabilitation plan, the court determined that it was not authorized to order

payment of temporary disability. The court declined to hold that rule 44 of its rules of procedure violated § 48-121(5), stating that rule 44 was adopted pursuant to 1993 Neb. Laws, L.B. 757, and that it largely recited the vocational priorities of § 48-162.01.

The court denied Acosta's request to remove Ziegler as counselor because Acosta had not first made application to the vocational rehabilitation personnel of the court, as required by Workers' Comp. Ct. R. of Proc. 43 (1995).

Acosta appealed the Workers' Compensation Court's order to a review panel of the Workers' Compensation Court, which, on October 2, 1996, issued an opinion affirming the decision of the trial court.

## ASSIGNMENTS OF ERROR

Acosta makes the following assignments of error: (1) The court erred in failing to find that rule 44 of the Workers' Compensation Court rules of procedure entitled "Vocational Rehabilitation Plan Development" is vague and unconstitutional, depriving Acosta of due process of law; (2) the court erred in failing to find that rule 44 is contrary to law, specifically § 48-121(5); and (3) the court erred in failing to award temporary total disability benefits from the date of the original award on September 25, 1995, to the present.

## ANALYSIS

The ultimate issue in this case is whether Acosta was entitled to an award of temporary total disability benefits during the period of time a determination was pending regarding what specific vocational services Acosta needed. The January 25, 1996, order concluded that the court did not have the statutory authority to order payment of temporary total disability except for the period after commencement of an approved plan of vocational rehabilitation. This order was not appealed by Acosta. Instead, on March 15, Acosta again asked the court to order payment of temporary total disability benefits from the time of the award.

Seedorf asserts that these facts give rise to the doctrine of res judicata. We agree.

The doctrine of res judicata is based on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involv-

ing the same cause of action. *Kirkland v. Abramson*, 248 Neb. 675, 538 N.W.2d 752 (1995). The doctrine of res judicata bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Baltensperger v. United States Dept. of Ag.*, 250 Neb. 216, 548 N.W.2d 733 (1996). Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not. *Id.*

The court's January 25, 1996, order determining that it did not have statutory authority to award payment of temporary total disability except for the period after commencement of an approved plan of vocational rehabilitation was a direct adjudication of a right in issue in this case. As such, it could not be relitigated by Acosta through the March 15 motion.

In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the single judge who conducted the original hearing. *Cords v. City of Lincoln*, 249 Neb. 748, 545 N.W.2d 112 (1996). For the reasons set forth, we therefore affirm the judgment of the Workers' Compensation Court review panel.

AFFIRMED.

McCORMACK, J., participating on briefs.