ED HOBZA, APPELLANT, V. SEEDORFF MASONRY, INC.,
AND CNA INSURANCE COMPANY, APPELLEES.

611 N.W. 2d 828

Filed June 9, 2000.   No. S-99-1117.

Todd Bennett, of Rehm Law Firm, P.C., for appellant.

Scott A. Burcham for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

This case presents the question, From what date are permanent disability benefits computed under Neb. Rev. Stat. §§ 48-119 and 48-121 (Reissue 1998)? The appellant, Ed

Hobza, received workers' compensation benefits for temporary disability due to an injury arising out of the course of his employment with appellee Seedorff Masonry, Inc. In between periods of receiving such benefits, Hobza worked full time and did not receive benefits. Hobza subsequently provided notice to Seedorff of permanent disability. Appellee CNA Insurance Company compensated Hobza for the permanent disability computed from the date when Hobza provided notice. Hobza then sought waiting-time penalties, interest, and attorney fees pursuant to Neb. Rev. Stat. § 48-125 (Reissue 1998) based on the argument that he should have been paid a lump sum within 30 days of giving notice for the periods of time during which he worked and did not receive temporary benefits. The Nebraska Workers' Compensation Court denied Hobza's request, and the review panel affirmed, with one judge dissenting.

We conclude that benefits for Hobza's permanent disability should have been computed from the date of injury. However, we also determine that because a reasonable controversy existed, Hobza is not entitled to penalties, interest, and attorney fees.

## BACKGROUND

The facts of this case are undisputed. On November 22, 1996, Hobza sustained an injury arising out of and in the course of his employment with Seedorff. Afterward, he received workers' compensation benefits for periods of temporary total disability. During some periods of time, Hobza worked part time and received benefits for temporary partial disability. During other periods of time, he worked full time and received no payments. The parties stipulated that Hobza timely received all temporary benefits for which he was entitled.

On March 2, 1998, Hobza's physician rendered an opinion stating that Hobza had sustained a 15-percent permanent partial disability. It is undisputed that Hobza was entitled to receive benefits of $395.35 per week for 33¾ weeks for the permanent partial disability. The appellees received notice of the permanent disability on March 30.

As a result of the March 30, 1998, notice, the appellees commenced payments of benefits for the permanent partial disabil-

ity computed from March 2. Thus, payments were made from the date Hobza received his permanent partial disability rating instead of from the date of the injury. It is undisputed that Hobza has received all permanent partial disability compensation that he would be entitled to under the 15-percent permanent partial disability rating.

On April 8, 1998, Hobza filed a petition in the Workers' Compensation Court seeking waiting-time penalties, interest, and attorney fees. Relying on § 48-119, Hobza contended that payment for his permanent partial disability should have been computed from the date of his injury instead of from the date the disability rating was rendered. As a result, Hobza contended that he was entitled to a lump-sum payment of all permanent disability payments through March 30 and that any payments he received after that date were delinquent. Hobza then argued that these delinquent payments entitled him to penalties, interest, and attorney fees under § 48-125.

A single judge of the compensation court concluded that payments were required to begin from the date Hobza received his disability rating. Thus, the court denied Hobza an award under § 48-125. On review, two judges of the review panel determined that § 48-121 provided that temporary benefits would cease once a permanent disability became ascertainable. The judges interpreted § 48-121 to mean that Hobza was not entitled to benefits until he attained maximum medical improvement and, thus, found that the payments at issue were timely made. The judges also concluded that the refusal to award penalties, interest, and attorney fees was not erroneous because a reasonable controversy existed due to the fact that the case involved an unanswered question of law. One judge of the review panel dissented, concluding that payments should have been computed from the date of the injury.

## ASSIGNMENTS OF ERROR

Hobza assigns that the compensation court erred in holding that he became entitled to permanent partial disability from the date of maximum medical improvement instead of from the date of his injury and in determining that he was not entitled to penalties, interest, and attorney fees.

## STANDARD OF REVIEW

■ With respect to questions of law in workers' compensation cases, an appellate court is obligated to make its own determination. *Acosta v. Seedorf Masonry, Inc.*, 253 Neb. 196, 569 N.W.2d 248 (1997); *Wilson v. Larkins & Sons*, 249 Neb. 396, 543 N.W.2d 735 (1996).

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *In re Interest of Dustin H. et al.*, ante p. 166, 608 N.W.2d 580 (2000); *Lyman-Richey Corp. v. Nebraska Dept. of Rev.*, 258 Neb. 908, 606 N.W.2d 813 (2000).

## ANALYSIS

Hobza contends that § 48-119 requires payment for permanent partial disability to be computed from the date of the injury. As a result, Hobza argues that he should have received permanent disability benefits during the time periods that he was working and not receiving temporary disability benefits. If true, Hobza would have then been entitled to payment of these benefits within 30 days of when he gave notice to the appellees of his permanent disability. Thus, Hobza contends that due to the failure of the appellees to make such payments within 30 days, he is entitled to waiting-time penalties, interest, and attorney fees under § 48-125.

At the time Hobza was receiving benefits, § 48-119 provided:

No compensation shall be allowed for the first seven calendar days after disability begins, except as provided in section 48-120, but if disability extends beyond the period of seven days, compensation shall begin on the eighth calendar day after the injury; *Provided, however,* that if such disability continues for six weeks or longer, compensation shall be computed from the date of the injury.

Section 48-121(3) provided: "For disability resulting from permanent injury of the following classes, the compensation shall be in addition to the amount paid for temporary disability; *Provided,* the compensation for temporary disability shall cease as soon as the extent of the permanent disability is ascertainable . . . ."

This court has never directly addressed the date from which permanent partial disability is computed when an employee has been receiving payments for temporary disability. In *Park v. School District*, 127 Neb. 767, 257 N.W. 219 (1934), we noted that compensation for a temporary total injury was to be computed from the date of the injury. Then, in *Klement v. H. P. Lau Co.*, 138 Neb. 144, 292 N.W. 381 (1940), we determined that it was not error for the compensation court to award compensation for a permanent disability from the date of the injury. However, in reaching this determination in *Klement*, we did not rely on § 48-119.

We conclude that the plain language of § 48-119, in effect when Hobza was receiving benefits, dictates that compensation be computed from the date of the injury. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Schrader v. Farmers Mut. Ins. Co., ante* p. 87, 608 N.W.2d 194 (2000); *Lyman-Richey Corp. v. Nebraska Dept. of Rev., supra.* If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Schrader v. Farmers Mut. Ins. Co., supra.*

The appellees rely on § 48-121 stating that compensation for temporary disability shall cease as soon as the extent of the permanent disability is ascertainable. However, this language only provides when compensation for disability ends, not when it begins. It is § 48-119 which provides when compensation begins, and this section plainly provides that when disability continues for 6 weeks or longer, compensation is computed from the date of the injury. Thus, when it was determined that Hobza had reached maximum medical improvement, his entitlement to future temporary disability benefits ended, but by computing permanent disability from the date of the injury, he was entitled to a lump-sum payment of permanent partial disability benefits for the previous weeks during which he received no benefits.

Although we determine that Hobza was entitled to a lump-sum payment for any weeks that he did not receive tem-

porary disability benefits, we also conclude that he is not entitled to waiting-time penalties, interest, or attorney fees. Section 48-125 provides in part:

> (1) Except as hereinafter provided, all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death; *Provided,* fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability.

Section 48-125 authorizes a 50-percent penalty payment for waiting time involving delinquent payment of compensation and an attorney fee, where there is no reasonable controversy regarding an employee's claim for workers' compensation. *McBee v. Goodyear Tire & Rubber Co.*, 255 Neb. 903, 587 N.W.2d 687 (1999). Whether a reasonable controversy exists under § 48-125 is a question of fact. *McBee v. Goodyear Tire & Rubber Co., supra.* We have stated that a reasonable controversy may exist if there is a question of law previously unanswered by this court, which question must be answered to determine a right or liability for disposition of a claim under the Nebraska Workers' Compensation Act. *Id.*

This case involved an unanswered question of law. Accordingly, a reasonable controversy existed, precluding Hobza from any entitlement to penalties, interest, or attorney fees.

## CONCLUSION

We conclude that the compensation court review panel erred in determining that benefits for permanent partial disability are to be computed from the date of the permanent disability rating. However, we affirm the decision of the compensation court review panel that Hobza is not entitled to waiting-time penalties, interest, and attorney fees because a reasonable controversy existed.

AFFIRMED IN PART, AND IN PART REVERSED.

MILLER-LERMAN, J., concurring in part, and in part dissenting.

I respectfully disagree with that portion of the majority opinion which holds in this scheduled injury case that permanent

partial disability benefits should have been paid to Hobza as of the date of the injury in this case. I concur with the view of the majority that a denial of attorney fees, interest, and penalties under Neb. Rev. Stat. § 48-125 (Reissue 1998) was correct.

In my opinion, the review panel correctly determined that Hobza was not entitled to permanent partial disability benefits (PPD) until he had reached maximum medical improvement (MMI), and thus, the payments at issue were timely made.

It is undisputed that Hobza received temporary disability benefits when he was unable to work as a result of his injury for the period between his date of injury and his notice of permanent disability. Based on the language of Neb. Rev. Stat. § 48-119 (Reissue 1998), the majority concludes that Hobza's PPD benefits should be computed from the date of his injury and that he should be paid PPD benefits for any dates on which he did not receive temporary disability benefits, dating back to the date of his injury. I do not think the unadorned use of "injury" and "disability" in § 48-119, when viewed within the context of the workers' compensation statutory scheme, dictates the result reached by the majority. Rather, the purpose of § 48-119 is to merely define a statutory exclusionary period, or "waiting period," prior to eligibility for workers' compensation benefits.

Hobza suffered a rotator cuff injury to his right shoulder, which is a scheduled injury under Neb. Rev. Stat. § 48-121(3) (Reissue 1998). Hobza has received a permanent disability rating of 15 percent to his shoulder. The assignment of a permanent disability rating means that Hobza has reached MMI. See *Sheldon-Zimbelman v. Bryan Memorial Hosp.*, 258 Neb. 568, 604 N.W.2d 396 (2000). There is a medical determination in the record of this case that Hobza reached MMI on March 2, 1998. When an injured worker reaches MMI, his or her physical condition is permanent. See, *Yarns v. Leon Plastics, Inc.*, 237 Neb. 132, 464 N.W.2d 801 (1991); *Carter v. Weyerhaeuser Co.*, 234 Neb. 558, 452 N.W.2d 32 (1990). See, also, *Gibson v. Kurt Mfg.*, 255 Neb. 255, 583 N.W.2d 767 (1998); *Kubik v. Union Ins. Co.*, 4 Neb. App. 831, 550 N.W.2d 691 (1996).

By definition, the term "permanent" means that the condition is no longer "temporary." See, *Gibson, supra*; *Foreman v. State*, 240 Neb. 716, 483 N.W.2d 752 (1992). An injured worker such

as Hobza cannot fluctuate repeatedly between permanent and temporary disability status with respect to the same scheduled injury. See, e.g., *Heiliger v. Walters and Heiliger Electric, Inc.*, 236 Neb. 459, 472, 461 N.W.2d 565, 574 (1990) ("[w]hen an injured worker has attained maximum physical recovery after a work-related injury, any residual disability from a compensable injury is permanent and prevents the worker's entitlement to compensation for temporary disability"); *Briggs v. Consolidated Freightways*, 234 Neb. 410, 413, 451 N.W.2d 278, 282 (1990) ("claimant is not entitled to compensation for temporary total disability after he has achieved maximum medical healing"). See, also, *Bindrum v. Foote & Davies*, 235 Neb. 903, 457 N.W.2d 828 (1990); § 48-121(3) ("compensation for temporary disability shall cease as soon as the extent of the permanent disability is ascertainable").

By deeming the date Hobza was injured as the date Hobza's employer should have paid Hobza permanent disability benefits, the majority, incorrectly in my view, causes Hobza to receive temporary disability benefits interspersed with permanent disability benefits. Under the decision reached by the majority, Hobza will receive permanent disability benefits during the period when Hobza was temporarily disabled rather than in accordance with a linear progression anticipated by the statutes with respect to a scheduled injury during which the worker is to receive temporary disability benefits followed by permanent disability benefits. I believe the application of the workers' compensation statutes urged by the majority to be illogical.

As we recently stated,

> When construing statutes, "we are guided by the presumption that the Legislature intended a sensible, rather than an absurd, result in enacting the statute and its amendments." *Battle Creek State Bank v. Haake*, 255 Neb. 666, 680, 587 N.W.2d 83, 92 (1998). As a further aid to statutory interpretation, "we must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it." *Id.*

*Sheldon-Zimbelman*, 258 Neb. at 579, 604 N.W.2d at 403. In my opinion, the majority's decision to pepper payments of perma-

nent disability to Hobza while he was temporarily disabled is not sensible or required under § 48-119. Therefore, I would affirm the decision of the Nebraska Workers' Compensation Court review panel.

STEPHAN, J., joins in this concurrence and dissent.